UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

AUEISHUA BUCKNER, ET AL.                    CIVIL ACTION

VERSUS                                       NO: 05-3655

LUKE RECORDS INC, ET AL.                     SECTION: "A" (4)

## ORDER AND REASONS

Before the Court is a **Motion to Appoint Attorney Ad Litem (Rec. Doc. 21)** filed by the

Plaintiffs.  The motion was filed *ex parte* with no hearing date on February 22, 2007.  The Court

initially denied the motion, citing inadequate briefing.  However, the Court's denial allowed the

Plaintiffs to file additional memorandum in support.  The Plaintiffs filed an additional

memorandum in support on April 30, 2007.  For the reasons that follow, the **Motion to Appoint**

**Attorney Ad Litem (Rec. Doc. 21)** is **DENIED**.

## I. BACKGROUND

This dispute arises out of an alleged violation of the Copyright Act, 17 U.S.C. § 101 *et*

*seq*.  On October 10, 2002, Leslie Henderson and Aueishua Buckner entered into a contract for

the purpose of using photographic images of Aueishua Buckner in the "Boyz Toyz 2003"

calendar.  The contract contemplated the use of such photos for the purpose of aforementioned

calendar only.  The license to use the photos was to terminate 15 months later.

Thereafter, on August 11, 2004, one of the Plaintiffs to this suit observed the licensed images on a DVD cover at a local record store in New Orleans, Louisiana.  The DVD, entitled "Luke's Freak Show, Platinum Edition Vol. 2," displayed the following text: "©2003 Luke Records, Inc., All Rights Reserved."  The DVD appeared to be a pornographic video.  The Plaintiffs aver that the video was released by Luke Records, Inc., and/or Luke Records and Films, Inc.  The Plaintiffs also assert that no one on behalf of those companies, nor the owner of such companies, Luther Campbell, ever obtained a license or any written authority to use the images.

On August 3, 2005, the Plaintiffs filed suit against Luke Records, Inc., and Luke Records and Films, Inc.  In October 2005, the Plaintiff hired a process server who served process on Luther Campbell at a nightclub in Miami.[1]  Luther Campbell was personally served on behalf of the companies.  However, since that time neither entity has answered the instant complaint.

On February 2, 2006, the Plaintiffs filed an Amended Complaint naming Luther Campbell as an individual defendant.  To date, the Plaintiffs have been unable to perfect service of process on Defendant Campbell in his personal capacity.[2]  Thereafter, the Plaintiffs filed the instant motion asking this Court to appoint an attorney ad litem.

## II. DISCUSSION

The Plaintiff has already affected service on the Defendant corporate entities in

---

[1]  Pla. Memo in Supp. Exh. A

[2]  Pla. Memo in Supp. Exh. B

accordance with Fed. R. Civ. P. 4(h).[3]  However, the Plaintiffs have not perfected service on Defendant Campbell in his individual capacity.  At issue then, is whether the Plaintiffs are entitled to have the Court appoint a curator ad hoc or guardian ad litem to represent the interest of Defendant Campbell in this lawsuit.  After surveying the applicable statutes and case law, this Court finds that an La. C.C.P. art. 5091 appointment is not available under the facts of this case.

Under the due process clause of the 14th amendment "[n]o state shall...deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV, § 1.  An elemental and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950) (quoting *Milliken v. Meyer*, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278 (1940)).

In a federal question action arising under a statute that is silent regarding service of process, such as the Copyright Act, a court may exercise personal jurisdiction over a nonresident defendant if (1) the defendant is amenable to process under the long-arm statute of the forum state; and (2) the exercise of jurisdiction by the forum state comports with due process. *Johnson v. Tuff N Rumble Management, Inc.*, 1999 WL 1201891 (E.D. La.) (quoting *Ham v. La Cienega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993)); Fed. R. Civ. P. 4(e).[4]

---

[3]  Pla. Memo in Supp. Exh. A

[4]  Fed. R. Civ. P. 4(e) provides:
Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent

Therefore, inherent in Plaintiffs' motion, is the interrelation of La R.S. 13:3201, La R.S. 13:3204, and La. C.C.P. art. 5091.  However, the key language for purposes of this motion is that contained in La. R.S. 13:3204(B).  La. R.S. 13:3204 generally lays out the service of process methods for suits under the Louisiana long-arm statute, La. R.S. 13:3201.  La. R.S. 13:3204(B) reads:

> B. If service of process **cannot** be made on the nonresident by registered or certified mail or by actual delivery, the court shall order that service of process be made on an attorney at law appointed to represent the defendant pursuant to Code of Civil Procedure Article 5091.

> LA. REV. STAT. ANN. §13:3204(B)(2006) (**emphasis added**).

After a review of the record, the Court finds that the Plaintiffs have been successful in serving process on Defendant Campbell already on one occasion.[5]  Further, it is apparent that the Plaintiffs are aware of the address of his personal primary residence.[6]  Moreover, the record indicates that Defendant Campbell is somewhat of a public figure who regularly performs live

---

person, may be effected in any judicial district of the United States
(1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or
(2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individuals dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

[5]  Pla. Memo in Supp. p. 6; Service of process was perfected on October 29, 2005, albeit in a representative capacity.

[6]  Pla. Memo in Supp. p. 7

music shows at venues across the country which are undoubtedly publicized.  Under these facts, the Court finds that the language of La. R.S. 13:3204(B) is not fulfilled for purposes of allowing service of process via La.C.C.P. art. 5091.

In *Rando v. Rando*, the Louisiana Second Circuit Court of Appeals encountered a similar service of process issue. *Rando v. Rando*, 722 So.2d 1165 (La. App. 2d Cir. 12/9/98).  The case arose out of a divorce proceeding in filed in Bossier City, Louisiana on February 20, 1996.  The husband, who at the time of his wife's filing for divorce was living in New Jersey, never responded to the petition in any manner.  The trial court appointed an attorney under La. C.C.P. art. 5091 and service was made on the appointed attorney.  On April 30, 1996, following a hearing, judgment was rendered by the district court awarding custody, child support, and alimony. *Id.* at 1166.  Some two years later, and following a subsequent hearing on permanent alimony and the grant of divorce, the husband appealed the judgment alleging that his due process rights were violated because of his lack of adequate notice of the proceedings. *Id.*  The Court held that "[u]nder La. R.S. 13:3204(B), which was added to the long-arm statute in 1995, only if service of process cannot be made on the nonresident by registered or certified mail or by actual delivery, may the appointment of an attorney under C.C.P. art. 5091 become appropriate." *Id.* at 1168.  Further, "[i]n this case, with [the husbands] New Jersey address known by [the wife], the appointment of an attorney under La. C.C.P. art. 5091 may not be substituted in place of the due process requirements embodied within the long-arm statute for notice and the obtaining of personal jurisdiction for the rendition of the judgment for permanent alimony." *Id.*

The Court finds the *Rando* holding persuasive.  In the instant case, given the

5

aforementioned facts in the record as well as the important due process concerns involved, the Court finds that the **Motion to Appoint Attorney Ad Litem** should be denied.

Accordingly;

**IT IS ORDERED** that the **Motion to Appoint Attorney Ad Litem (Rec. Doc. 24)** is **DENIED**.

New Orleans, Louisiana, Thursday, August 2, 2007.

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE